UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
11/16/2026
BY ____________
DEPUTY CLERK

| | | |
|---|---|---|
| KEREN SITA,<br><br>Plaintiff,<br><br>v.<br><br>KURN HATTIN HOMES FOR CHILDREN,<br><br>Defendant. | ) | Case No. 2:25-cv-239 |

**ENTRY ORDER**
**DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**
(Doc. 14)

Pending before the court is a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5) filed by Defendant Kurn Hattin Homes for Children on July 9, 2026. (Doc. 14.) Defendant contends that self-represented Plaintiff Keren Sita failed to properly serve Defendant with the Amended Complaint (the "AC") (Doc. 8), which the court ordered to be served in its February 6, 2026 Entry Order. In support of its motion, Defendant attached an affidavit by Susan Kessler, its Executive Director, attesting that Defendant was served on June 19, 2026, with the First Amended Complaint (the "FAC") (Doc. 10), which Plaintiff filed on the docket on May 22, 2026, but that "[n]o one has delivered any other complaints from this action to [Defendant]." (Doc. 14-1 at 1.) Defendant also attached the FAC to its motion to dismiss. On July 23, 2026, Plaintiff opposed the motion.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023) (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)) (internal quotation marks omitted). The requirements for service of process are governed by Rule 4, which states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint

served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

Pursuant to Fed. R. Civ. P. 12(b)(5), "insufficient service of process" is a ground for dismissal. "[T]o survive a motion to dismiss based on . . . insufficient service of process, the plaintiff must demonstrate that she adequately served the defendants." *Buon*, 65 F.4th at 73. In doing so, the "plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). "An affidavit of service constitutes prima facie evidence of effective service." *Gore v. RBA Grp., Inc.*, 2009 WL 884565, at *4 (S.D.N.Y. Mar. 27, 2009) (internal quotation marks omitted).

However, "even if insufficiency of process is raised in a motion or response, it can subsequently be waived by 'submission through conduct' that leads the plaintiff to believe that service was adequate and no such defense will be continued." *Buon*, 65 F.4th at 74 (citing *Trs. of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-33 (7th Cir. 1991)). Although "[s]imply filing an appearance is insufficient to constitute waiver[,]" "[c]ourts typically find that actual knowledge of a suit coupled with extensive participation in pretrial proceedings is sufficient to constitute a waiver of the insufficient service defense." *Gore*, 2009 WL 884565, at *5 (internal quotation marks omitted). The Second Circuit has "emphasize[d] that there is no question that [defendants] had sufficient notice [where they] successfully moved to dismiss the FAC." *Buon*, 65 F.4th at 76.

On July 7, 2026, Plaintiff filed proof of service that a Deputy U.S. Marshal served Defendant with the FAC on June 19, 2026. Defendant acknowledged that the FAC was "hand[ed] to a Kurn Hattin Residential Director." (Doc. 14-1 at 1); *see also* Doc. 14 at 3 (stating that "[o]n June 19, 2026, an individual arrived at Kurn Hattin's campus and handed the May 22, 2026 [FAC] to a Kurn Hattin employee[]"). Defendant argues that

the June 23, 2025 Amended Complaint is the operative complaint and has never been served.

Thereafter, on July 9, 2026, the first attorney of record for Defendant, Gary F. Karnedy, Esq., filed a notice of appearance, a corporate disclosure statement, the pending motion to dismiss, and a certificate of service. Four days later, a second attorney, Brendan D. O'Brien, Esq., filed a notice of appearance on Defendant's behalf.

On October 2, 2026, Defendant filed a motion to approve its discovery schedule. Attached to that motion was an email chain between the parties which indicated that, upon receiving a letter from the Clerk's Office regarding the lack of a discovery schedule, Defendant emailed Plaintiff a copy of its proposed order, sought her consent to add her electronic signature, and offered to file the fully executed document with the court. Plaintiff responded by requesting that Defendant file a motion for a Fed. R. Civ. P. 16 scheduling conference, to which Defendant replied that it would not file such a motion and instead intended to file a motion for the court to adopt the discovery schedule it previously sent to Plaintiff. Defendant appeared at and participated in the Rule 16 scheduling conference on October 27, 2026.

Defendant's motion to dismiss demonstrates that it has notice of this case and of Plaintiff's claims against it. Admittedly, Defendant's participation in pretrial proceedings has not been "extensive[.]" *Gore*, 2009 WL 884565, at *5. Nonetheless, because Defendant has not argued that it is prejudiced by proceeding with the case as alleged in the FAC, with which it has been served, the court will not dismiss on the grounds of improper service because the core function of service – notice – has been accomplished. *See 16161782 Canada Inc. v. Mogyl'nyy*, 2026 WL 2906125, at *5 (S.D.N.Y. Sept. 28, 2026) ("The 'core function' of service is to provide notice 'in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.'") (quoting *Henderson*, 517 U.S. at 672). The court is mindful of Plaintiff's self-represented status but will expect her to comply with the Federal Rules of Civil Procedure and this court's Local Rules as this matter proceeds.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss based on improper service (Doc. 14) is DENIED. Defendant shall file its Answer or other responsive pleading by December 4, 2026.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of November, 2026.

*/s/ Christina Reiss*

Christina Reiss, Chief Judge
United States District Court